J-S17011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY LEE GERBER, JR. | : | |
| | : | |
| Appellant | : | No. 1899 MDA 2018 |

Appeal from the PCRA Order Entered October 12, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0006395-2003

BEFORE: PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 08, 2020**

Appellant, Gary Lee Gerber, Jr., appeals *pro se* from the order of the Court of Common Pleas of Berks County denying his post-conviction petition, which the court deemed as a petition filed pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546 ("PCRA"). We conclude that Appellant is not entitled to relief under either common law post-conviction proceedings or the PCRA and therefore affirm.

On February 5, 2010, a jury convicted Appellant of one count of unlawful conduct under the Solid Waste Management Act for the disposal of solid waste without a permit. **See** 35 P.S. § 6018.610(1). Immediately following the conviction, Appellant made an oral motion for acquittal and the trial court subsequently granted that motion. The Commonwealth appealed, and this Court vacated the order of acquittal and remanded for sentencing. Appellant

filed a petition for allowance of appeal, which our Supreme Court denied on January 30, 2012.

"After a lengthy delay, due in part to [Appellant] serving a life sentence after being convicted of first-degree murder in an unrelated matter, the [trial] court sentenced [Appellant] on February 26, 2015, to one to twelve months' incarceration, with credit for 365 days' time served." **Commonwealth v. Gerber**, 141 A.3d 582, 591 MDA 2015 at 2 (Pa. Super. 2016) (unpublished memorandum). Therefore, Appellant's sentence ended on the day it was imposed. Appellant filed a timely post-sentence motion, which the court denied. The court subsequently appointed conflict counsel for Appellant, who filed a notice of appeal on April 1, 2015. This Court affirmed Appellant's judgment of sentence, and simultaneously denied Appellant's application to remand to hold an evidentiary hearing to consider claims of trial counsel's ineffective assistance on direct appeal. Our Supreme Court once again denied Appellant's petition for allowance of appeal, and the United States Supreme Court denied *certiorari.*

On August 1, 2017, Appellant filed a *pro se* document entitled "petition for *habeas corpus*/writ of *coram nobis*," in which he raised several claims of trial counsel's ineffectiveness. The Commonwealth filed a motion to have Appellant's motion treated as a PCRA petition, which the PCRA court granted. The PCRA court then appointed counsel, who filed a motion to withdraw as counsel as well as a no-merit letter pursuant to **Commonwealth v. Turner,**

- 2 -

544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). In the letter, counsel maintained that Appellant was not eligible for PCRA relief because he did not meet the PCRA's requirement that a petitioner be serving a sentence of imprisonment, parole or probation for the crime being challenged at the time the petition is granted. **See** 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that to be eligible for relief, a petitioner must plead and prove that he has been convicted of a crime and is "currently serving a sentence of imprisonment, probation or parole for the crime").

On September 6, 2018, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition without a hearing. **See** Pa.R.Crim.P. 907. Appellant filed objections to the court's notice of intent and to counsel's **Turner/Finley** letter. The PCRA court nonetheless granted PCRA counsel's motion to withdraw and subsequently denied Appellant's PCRA petition in an order dated October 12, 2018. Appellant filed the instant *pro se* notice of appeal on November 16, 2018, challenging the PCRA court's denial of his petition on several grounds.[1]

_____

[1] Appellant summarily asserts in his appellate brief that he filed a timely notice of appeal from the court's October 12, 2018 order on November 8, 2018. While it is true that Appellant dated his notice of appeal November 8, 2018, the notice of appeal is stamped as being filed with the clerk of courts on November 16, 2018. Under Pa.R.A.P. 903(a), a notice of appeal must be filed within 30 days after the entry of the order from which the appeal was taken. However, it appears from the record that the clerk of courts first sent a copy of the order to Appellant on October 15, 2018 but then resent a copy of the order to Appellant by certified mail on October 17, 2018. Under Pa.R.A.P. 108(a)(1),

- 3 -

We first address Appellant's contention that the PCRA court erred in addressing his post-conviction petition under the PCRA. To that end, Appellant claims the PCRA court erred by granting the Commonwealth's motion to consider his writ for *coram nobis* as a PCRA petition. This claim fails.

Section 9542 of the PCRA provides:

[The PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter *shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to … provide relief from collateral consequences of a criminal conviction.*

42 Pa. C.S.A. § 9542 (emphasis added). As this statutory language makes clear, the "PCRA is intended to be the sole means of achieving post-conviction relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013).

---

the day of the entry of an order is the day the clerk mails or delivers copies of the order to the parties. If the date of the resending of the order to Appellant is used as the date the order was entered, Appellant had until November 17, 2018 to file his notice of appeal. In addition, even though Appellant is incarcerated for an unrelated first-degree murder conviction and filed his notice of appeal *pro se*, he does not argue that the prisoner mailbox rule applies to his notice of appeal. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (stating that an appeal filed by a *pro se* prisoner is deemed filed on the date the appellant deposits the appeal with prison authorities and/or places it in the mailbox). Nonetheless, the record contains an envelope attached to Appellant's notice of appeal that has a postage stamp dated November 13, 2018. Under all of these circumstances, we conclude that Appellant's notice of appeal was timely filed.

Therefore, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson,** 30 A.3d 516, 521 (Pa. Super. 2011) (citation omitted).

Appellant claims, however, that the PCRA court erred in treating his petition as a PCRA petition because he was never eligible for PCRA relief given that he never served a sentence of imprisonment, probation or parole for the unlawful conduct conviction. This Court addressed a similar argument in **Commonwealth v. Pagan**, 864 A.2d 1231 (Pa. Super. 2004). There, the appellant argued that the PCRA court erred in converting his writ for *coram nobis* into a PCRA petition because he was no longer serving a sentence for the challenged crimes and therefore, was no longer eligible for relief under the PCRA. In rejecting this claim, this Court stated that the plain language of the PCRA dictates that if a petitioner's underlying substantive claim is encompassed by the PCRA, "it is *exclusive* to the PCRA." **Id**. at 1233 (emphasis in original). The Court continued:

> In other words, *coram nobis* relief does not become available merely because the PCRA refuses to remedy a petitioner's grievance; rather, we look at the *claims* a petitioner is raising. Here, "[b]ecause [the] [a]ppellant's claim [challenging his competency to enter a guilty plea or stand trial] could have been brought under the PCRA, [the] claim[ ] had to be brought under the PCRA.

**Id**. (citations omitted)(emphasis in original).

As such, the **Pagan** Court concluded that the PCRA court properly treated the appellant's post-conviction petition as a PCRA petition and, in turn,

- 5 -

properly concluded that any relief due to the appellant could only be obtained pursuant to the PCRA. However, the Court found that the appellant was not eligible for any relief according to the plain language of the PCRA because he was not currently serving a sentence for the challenged crimes. **See id**. at 1235; **see also Commonwealth v. Descardes**, 136 A.3d 493, 496 n.4, 503 (Pa. 2018) (discussing **Pagan** and holding that "where a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review" even when the petitioner is not eligible for PCRA relief because he is not currently serving a sentence); **Commonwealth v. Concordia**, 97 A.3d 366, 371 (Pa. Super. 2014) (stating that "claims that are cognizable under the PCRA are to be pursued within the parameters of that statute").

Similarly, here, the issues of trial counsel's ineffectiveness raised in Appellant's petition are encompassed by the PCRA and the PCRA court therefore properly treated Appellant's petition as a PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). As Appellant is undisputedly not currently serving a sentence of imprisonment, probation or parole for the challenged crime, he, like the appellant in **Pagan**, is not entitled to collateral relief. **Accord Commonwealth v. Fisher,** 703 A.2d 714, 716 (Pa. Super. 1997) (treating writ of *coram nobis* as PCRA petition and holding that the petitioner, whose

only remaining sentence was a fine, was ineligible for PCRA relief because he was not currently serving a sentence under the plain language of the PCRA).[2]

Appellant also argues, however, that treating his post-conviction petition under the PCRA violates his rights to effective assistance of counsel and due process because he will never have the opportunity to challenge the stewardship of his counsel. This claim has no merit under our Supreme Court's decision in **Commonwealth v. Turner,** 80 A.3d 754 (Pa. 2013).

In **Turner**, the petitioner completed her two-year sentence of probation after she filed a PCRA petition alleging trial counsel's ineffectiveness. The Commonwealth moved to dismiss the PCRA petition on the ground that the petitioner was ineligible for relief under the PCRA because she was no longer serving a sentence. In response, the petitioner argued that the dismissal of her petition on that ground would violate her due process rights by denying her any opportunity to vindicate her right to the effective assistance of counsel. **See id**. at 760. The PCRA court agreed. On appeal, however, our Supreme Court reversed on the basis that the petitioner no longer had a

_____

[2] Although Appellant focuses on his ineffectiveness claims, we note that Appellant also raised a sufficiency of the evidence claim in his petition. Appellant, however, challenged the sufficiency of the evidence on direct appeal. The trial court rejected that challenge, and this Court affirmed. Appellant has therefore previously litigated his sufficiency claim. **See** 42 Pa.C.S.A. § 9544(a)(2). Of course, relief outside the framework of the PCRA is not available "simply because the merits of [a] PCRA [claim] cannot be considered due to previous litigation." **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001).

protected liberty interest which would implicate her due process rights. *See id*. at 766. The Court found that petitioners seeking collateral relief, such as the petitioner in *Turner*, have no protected liberty interest in collateral review when their liberty is no longer burdened by a state sentence. *See id*. at 765-66. Accordingly, the Court concluded that due process does not require the legislature to provide collateral review when a petitioner is no longer serving a sentence. *See id*. at 765. The Court then stated:

> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest.

*Id*. at 766.

As *Turner* makes clear, because Appellant is not currently serving a sentence for the crime challenged, he has no due process right to collateral review of that sentence. He is therefore not entitled to any relief on the basis of this claim.

Lastly, Appellant claims that the PCRA court erred in dismissing his PCRA petition because PCRA counsel was ineffective for filing a no-merit letter without attempting to convert his PCRA petition back into a writ for *coram nobis*. This claim fails.

In rejecting this claim below, the PCRA court stated:

> [W]hen PCRA counsel determines, in the exercise of her professional judgment, that the issues raised in the PCRA petition are meritless, PCRA counsel may submit a letter detailing the

nature and extent of her review and an explanation as to why the petitioner's PCRA petition is meritless. ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988); ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988). In determining whether there is merit to the PCRA petition, counsel must review all issues raised by the petitioner. [***Finley***, 550 A.2d at 215]. If the PCRA court agrees with the PCRA counsel's assertion that the issues raised in the petition are meritless, counsel may be permitted to withdraw. ***Id***.

In this case, PCRA counsel examined Appellant's Petition for *Habeas Corpus*/Writ of *Coram Nobis* and the Court order which considered Appellant's *coram nobis* petition as a PCRA petition and determined that she was obligated to follow the Court's order and examined the petition as a PCRA petition. She then recognized that Appellant's issues had no merit under the PCRA because Appellant was ineligible for PCRA relief, as he was not serving a sentence of incarceration or probation. She then filed a ***Turner/Finley*** letter with the Court, explaining why Appellant's petition was meritless and requesting to withdraw as counsel. All of the actions that [PCRA counsel] took in her capacity as PCRA counsel was consistent with her obligations as described in ***Turner*** and ***Finley***. Therefore, she was not ineffective as PCRA counsel.

PCRA Court Opinion, 4/11/2019, at 7-8.

We find no error in the PCRA court's resolution of this claim. While Appellant argues that counsel was ineffective because she did not review the notes of testimony from his motion to dismiss/sentencing hearing as they were not made part of the certified record until after PCRA counsel submitted her no-merit letter, we do not agree. Appellant has simply not established how those notes of testimony would have altered the PCRA court's treatment of his petition as a PCRA petition or the determination by PCRA counsel and the PCRA court that Appellant was not entitled to any relief under the PCRA

because he is not currently serving a sentence of imprisonment, probation or parole. No relief is due.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2020